IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 17-cr-00037-CMA-1

UNTIED STATES OF AMERICA,

    Plaintiff,

v.

ALI SAMEI,

    Defendant.

---

**ORDER DENYING EMERGENCY MOTION FOR
COMPASSIONATE RELEASE**

---

This matter is before the Court on Defendant Ali Samei's Emergency Motion for Compassionate Release. (Doc. # 96.) After complete review of Mr. Samei's Motion, and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that Mr. Samei's Motion for Compassionate Release is DENIED.

FACTORS CONSIDERED:

- Mr. Samei is a 32-year-old inmate currently housed at FCI La Tuna in Texas. (Doc. # 96 at 1; Doc. # 66 at 2.)

- In 2017, Mr. Samei pleaded guilty to distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (Doc. # 74.) He was sentenced to 90 months in prison followed by 4 years of supervised release. (*Id.*) His projected release date is July 30, 2023. (Doc. # 96 at 9; Doc. # 98 at 1.)

- At the time of his motion, Mr. Samei had served approximately 53% of his sentence. *See* (Doc. # 96 at 8; Doc. # 99 at 1.) He has about 21 months left of his imprisonment sentence yet to serve.

- There is no dispute that Mr. Samei has exhausted his administrative remedies. (Doc. # 99 at 16–17.)

- Mr. Samei now seeks compassionate release. (Doc. # 96.) He argues that he "suffers from severe asthma and obesity" and is "at risk of contracting and suffering the most severe health consequences—hospitalization or death—of COVID-19." (*Id.* at 1.) He also asserts that the Bureau of Prisons ("BOP") has violated his Eighth Amendment rights and Fourteenth Amendment due process rights by keeping him in confinement "in spite of the risks posed by COVID-19." (*Id.* at 9, 11.) Further, Mr. Samei argues that the 18 U.S.C. § 3553(a) sentencing factors support his release because he is not a danger to the community and has a release plan in place. (*Id.* at 8–9.) He avers that all these factors constitute exceptional and compelling circumstances "of a particular urgency." (*Id.* at 12.)

- The Court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]" the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

  - The applicable Sentencing Commission policy statement provides that a court may reduce the term of imprisonment if it finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to

2

the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13. The policy statement includes an application note that specifies the types of conditions and characteristics that qualify as "extraordinary and compelling reasons" for release, including advanced age, severe physical deterioration, terminal illness, and the death of a caregiver of the defendant's minor children. USSG § 1B1.13, cmt. n.1(A)-(C).

- As the movant, Mr. Samei bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

- Mr. Samei argues that the danger COVID-19 poses to him, given his underlying health conditions, warrants compassionate release. (Doc. # 96 at 7.) Specifically, Mr. Samei points to his body mass index ("B.M.I.") of 35.7, obesity, and asthma as factors that place him at a heightened risk for experiencing severe symptoms of COVID-19. (*Id.* at 5.) Mr. Samei notes that he "suffered from a variant of COVID-19 in November of 2020" and argues that it is possible he may be reinfected "and that the reinfection may be worse." (*Id.*)

- The Government acknowledges that Mr. Samei suffers from asthma and obesity, two factors that place Mr. Samei "at an increased risk of severe illness from the virus that causes COVID-19." (Doc. # 99 at 17.) However, the Government observes that Mr. Samei "was asymptomatic" when he tested positive for COVID-19 in November 2020 and "did not in fact suffer severe illness from the virus." (*Id.*) The Government also notes that Mr. Samei was 31 years old at the time he

filed his motion (he has since turned 32) and that FCI La Tuna "characterizes him as Medical Care Level 1 (the BOP's healthiest inmates)." (*Id.*) Finally, the Government has provided medical records showing that Mr. Samei had the opportunity to receive the Moderna COVID-19 vaccine on March 29, 2021, and he refused it. (Doc. # 102-1.)

- The Court finds that Mr. Samei has not established that his medical conditions rise to the level of "extraordinary and compelling" circumstances justifying compassionate release, such as a terminal illness or permanent physical or medical condition that substantially diminishes Mr. Samei's ability to provide self-care within the environment of a correctional facility. *See* USSG § 1B1.13, cmt. n.1(A); *United States v. Baca*, No. 2:16-cr-00563-DN, 2021 WL 4440486, at *2 (D. Utah Sept. 28, 2021) (concluding that an inmate who suffered from obesity, had been infected with COVID-19 and recovered, and refused a COVID-19 vaccine failed to show extraordinary and compelling reasons for release).

- This Court agrees with those courts that have held that the presence of COVID-19 risk factors, standing alone, do not give rise to extraordinary and compelling reasons justifying compassionate release. *See, e.g. United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *accord United States v. Korn*, No. 15-CR-81S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[I]n this Court's view, the mere possibility of

4

- contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme." (emphasis removed)).

- This Court also agrees with those courts that have held that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances. *See United States v. Greenlaw*, No. 1:18-CR-00098-JAW-06, 2021 WL 1277958, at *6 (D. Me. Apr. 6, 2021) ("Most courts have held vaccine refusal against defendants moving for compassionate release."); *accord United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) ("A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination. Allowing federal prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated.").

- Mr. Samei also alleges that BOP has violated his Eighth Amendment rights and his due process rights under the Fourteenth Amendment by failing to provide him adequate medical care. (Doc. # 96 at 9–11.) He asserts that "BOP clearly has not taken sufficient precautions to protect him" against COVID-19 because he contracted COVID-19 in November 2020. (*Id.* at 11; Doc. # 100 at 1.) Aside from pointing to his own COVID-19 diagnosis and the existence of "new, more contagious" strains of the virus, Mr. Samei does not explain how or when BOP has failed to provide him adequate medical care. *See* (Doc. # 100 at 1, 3.)

- The Government responds that BOP and FCI La Tuna have "taken significant precautions to protect inmates and staff" and has provided documentation of these preventative measures and COVID-19 protocols. (Doc. # 99 at 3–12); *see* (Doc. # 99-1.) Among other protocols, the Government notes that FCI La Tuna "has been screening inmates for COVID-19 since March 19, 2020" and "prioritize[es] immediate medical care for anyone who reports symptoms indicative of a COVID-19 infection." (Doc. # 99 at 6, 8.) Further, Mr. Samei's medical records show that when he contracted COVID-19 he was asymptomatic, and FCI La Tuna placed him in isolation and monitored him with daily temperature and symptom checks. (Doc. # 96-2.) The Court agrees with the Government and concludes that Mr. Samei has not shown that BOP violated his constitutional rights by failing to provide him adequate medical care.
- Even assuming Mr. Samei had met his burden of proving the existence of extraordinary and compelling circumstances, early release would not be appropriate. After considering the 18 U.S.C. § 3553(a) factors, the Court finds that several factors indicate that Mr. Samei presents a risk to the community to reoffend. The instant offense is Mr. Samei's third felony methamphetamine related conviction, and he committed the offense while on probation for a previous felony drug conviction. (Doc. # 98 at 2; Doc. # 99 at 3.) Given Mr. Samei's history of committing new offenses while under court supervision and his multiple felony convictions for distributing methamphetamine, the Court finds that the 18 U.S.C. § 3553(a) factors weigh against early release.

- Because Mr. Samei has failed to demonstrate the existence of extraordinary and compelling circumstances, and because the Court finds he presents a risk to the community to reoffend, early release is not justified. For the foregoing reasons, Mr. Samei's Motion for Compassionate Release (Doc. # 96) is DENIED.

DATED:  October 18, 2021

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge